UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHIKEB SADDOZAI,

    Plaintiff,

v.

SAN FRANCISCO GENERAL HOSPITAL MEDICAL CENTER, et al.,

    Defendants.

Case No. 18-04492 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL; DENYING APPLICATION FOR WAIVER OR MODIFICATION OF FILING FEES**

(Docket Nos. 17, 19)

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court dismissed the complaint with leave to amend for Plaintiff to attempt to state sufficient facts to state a cognizable claim. (Docket No. 15.) Plaintiff has filed an amended complaint. (Docket No. 16.)

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. **Plaintiff's Claims**

Plaintiff claims that he was at San Francisco General Hospital Medical Center (hereafter the "Hospital") for treatment for a gunshot wound sustained by the police, to his dominant forearm. (Am. Compl. at 4.) Plaintiff was an arrestee at the time of the underlying events. (*Id.* at 5.) Plaintiff claims that during the period of four days in the Hospital, he was "at all times" restrained in unsanitary metal shackles around both arms and feet and chained to a bed rail, which inflicted "pain, cuts, bruising, and numbness due to the restraints restricting blood circulation and breathing resulting from being in a forced cramp position." (*Id.*) Plaintiff claims that Daly City police officers, L. Jackson, P. Skeehan, C. Poteat, B. Lickness, K. Lemere, J. Tualaulelei, J. Moal, A. Bray, and Benjamin K. Riney, acted "under color of state" and with deliberate indifference when they shackled and handcuffed his arms and ankles excessively tight, and applied handcuffs on an injured area of his arm. (*Id*.) Plaintiff claims that their actions were "exaggerated under improper motives, intended as punishment," which violated his Eighth Amendment rights. (*Id.*) Plaintiff claims that he made complaints and called for help, which were repeatedly ignored by the police officers as well as the following medical personnel: Dr. Mackersie, and Nurses Li, N. Mikulin, Cazanis, M. Janett, David Elkin, M. Reyes, and R. Alward, who acted with deliberated indifference to his "serious medical and cognizable needs for toilet access, water, food, pain medication, and knew shackles would prevent and

2

interfere with treatment." (*Id.* at 4-5.) Plaintiff claims that as a result of being handcuffed for a lengthy period, he suffered permanent nerve damage in violation of his Eighth and Fourteenth Amendment rights. (*Id.* 5.) Plaintiff claims generally that "medical staff": used his vulnerabilities as an arrestee and administered sedatives out of improper motives to incapacitate him; and continued his placement in physical restraints that were applied on an injured area of his arms impairing his competence, increasing his pain and suffering, and causing psychological harm during entire hospitalization for retaliatory purposes. (*Id.*) Plaintiff claims that Defendant Dr. Mackersie and medical personnel failed to respond at all or appropriately to his serious medical needs "out of discriminatory, and retaliatory animus due to [Plaintiff] being treated as an arrestee, rather than as a civilian patient." (*Id.*) Plaintiff claims Dr. Mackersie prescribed surgery but then failed to follow his own diagnosis by clearing Plaintiff for transfer to county jail, knowing surgery would not be available at the county jail facility, and "created" a deliberate indifference to a serious medical need. (*Id.* at 6.) Plaintiff claims generally that "medical personnel": violated HIPAA by disclosing sensitive medical information without his consent to the police; and failed to protect and preserve his life and health by aiding Officers Riney, Jackson, and Lemere in the use of a "'black box'" restraint device over handcuffs that secured his ankles and injured arms together in a fetal position during transfers, as punishment. (*Id.*) Lastly, Plaintiff claims Officer Riney punched him in the face without reason, and that the force was applied maliciously and sadistically in violation of his rights under the Fourth and Eighth Amendments. (*Id.*) In sum, Plaintiff alleges violations of his rights under the Fourth, Eighth, and Fourteenth Amendments, as well as HIPAA.

**C.** **Analysis**

There is an important distinction between the status of an arrestee and a pretrial detainee. An arrestee has not yet undergone the judicial determination of probable cause that has been applied to the pretrial detainee. *See Carlo v. City of Chino*, 105 F.3d 493, 499-500 (9th Cir. 1997). An arrestee, therefore, "is entitled <u>at least</u> to the protections

3

afforded pretrial detainees." *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1485 (9th Cir.) (emphasis in original), *cert. denied*, 510 U.S. 991 (1993). In addition, an arrestee (detained in custody post-arrest but pre-arraignment) is protected from the use of excessive force by the Fourth Amendment, *see Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996) (4th Amendment reasonableness standard applies to allegations of excessive force against arrestee).

Plaintiff's allegations, liberally construed, are sufficient to state cognizable claims under the Fourth Amendment as an arrestee for the use of excessive force by Daly City police officers by means of excessively tight shackles and handcuffs that were applied continuously for four days, the use of the "'black box' restraint device" by Officers Riney, Jackson, and Lemere, and the excessive force used by Officer Riney when he allegedly punched Plaintiff in the face "without reason." *See Pierce*, 76 F.3d at 1043.

With respect to conditions of confinement, the proper inquiry for a pretrial detainee's challenge, or an arrestee like Plaintiff, is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16, 536-37 (1979) (state may detain pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution"). A claim for a violation of a pretrial detainee's right to adequate medical care also arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk,

4

> even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* With regard to the third element, the defendant's conduct must be objectively unreasonable -- "a test that will necessarily turn[] on the facts and circumstances of each particular care." *Id.* (citations and internal quotation marks omitted). The four-part test articulated in *Gordon* requires the plaintiff to prove more than negligence, but less than subjective intent --something akin to reckless disregard. *Id.*

Plaintiff has failed to allege all the elements under *Gordon* to state a claim for inadequate medical care against any Hospital defendant under the Fourteenth Amendment. For example, there is no allegation that Dr. Mackersie, for example, made an intentional decision with respect to the conditions under which Plaintiff was confined, that he failed to take reasonable available measures to abate a substantial risk to Plaintiff of suffering serious harm due to those conditions, and that the consequences of his conduct was obvious because a reasonable official in the circumstances would have appreciated the high degree of risk involved. *See Gordon*, 888 F.3d at 1122. Plaintiff must allege each one of these elements against each medical personnel he wishes to hold liable under the Fourteenth Amendment. Listing their names and then asserting that they all acted with deliberate indifference is not sufficient without adequate facts detailing each individual's actions. *See supra* at 2. For the same reason, general allegations against the "medical staff" and "medical personnel" are not sufficient to state a claim. *Id.* at 4. Accordingly, Plaintiff shall be afforded another opportunity to file a second amended complaint to attempt to state sufficient facts to state a claim under the Fourteenth Amendment against individual defendants.

In preparing an amended complaint, Plaintiff should also keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a

5

federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

C.     **Pending Motions**

Plaintiff has filed another motion for appointment of counsel based on essentially the same reasons as his first motion for appointment of counsel, (Docket No. 10), i.e., indigence, the complexity of the issues, limited access to library and knowledge of the law, and that he would be better served by the assistance of counsel should this matter go to trial. (Docket No. 17.)   As Plaintiff was previously advised, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff's asserted grounds do not establish exceptional circumstances. Accordingly, this second motion for appointment of counsel is DENIED for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. §

6

1915, with an initial filing fee of $30.00 being immediately due and fees thereafter to be paid as were available in Plaintiff's prisoner account. (Docket No. 14.) The $30.00 initial filing fee was calculated at 20 percent of $150, which was the amount indicated on the Certificate of Funds in Prisoner's Account as both the average deposit each month to Plaintiff's prisoner's account for the most recent six-month period and the average balance in the prisoner's account each month for the same six-month period. (Docket No. 9 at 5.) Plaintiff has filed an application for the total filing fee of $350 to be modified or reduced. (Docket No. 19.)

Section 1915 permits indigent prisoner plaintiffs to proceed in a civil action without the prepayment of filing fees, but still requires that the entire filing fee be paid. In granting Plaintiff's IFP motion, the Court found that Plaintiff showed an ability to pay an initial partial filing fee pursuant to § 19159(B)(1). (Docket No. 14 at 2.) The prison trust account office was instructed to take funds for the remainder of the filing fee from Plaintiff's account in accordance with § 19159(B)(1), and instructions were provided. (*Id.* at 1-2.) The Court finds no further modification of this order regarding payment of fees is warranted. Accordingly, Plaintiff's application is DENIED.

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. Plaintiff's second motion for appointment of counsel is **DENIED**. (Docket No. 17.) Plaintiff's application requesting waiver or modification of the filing fee is **DENIED**. (Docket No. 19.)

2. The amended complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a **second amended complaint** to attempt to correct the deficiencies discussed above with respect to his Fourteenth Amendment claims. The second amended complaint must include the caption and civil case number used in this order, Case No. C 18-04492 BLF (PR), and the words

7

"SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The second amended complaint supersedes all previous complaints, which are treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

3. **In the alternative** to filing a second amended complaint, Plaintiff may file notice in within **twenty-eight (28) days** of the date this order is filed that he wishes to strike the Fourteenth Amendment claims and proceed only on the Fourth Amendment claims found cognizable above against Daly City police officers. *See supra* at 4.

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

This order terminates Docket Nos. 17 and 19.

**IT IS SO ORDERED.**

**Dated:** July 11, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend; Pending Motions
PRO-SE\BLF\CR.18\04492Saddozai_dwlta1

8