United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>    Plaintiff,<br><br>    v.<br><br>KENNEDY BENJAMIN RINEY,<br><br>    Defendant. | Case No. 18-04492 BLF (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO LOCATE SUCCESSOR OR REPRESENTATIVE FOR DECEASED DEFENDANT; DENYING MOTION FOR LEAVE TO AMEND COMPLAINT; DENYING MOTION FOR RECONSIDERATION OF APPOINTMENT OF COUNSEL; INSTRUCTIONS TO CLERK**<br><br>(Docket Nos. 32, 33) |

Plaintiff, a state prisoner proceeding pro se filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On December 10, 2019, the Court found the second amended complaint, liberally construed, stated a cognizable Fourth Amendment claim against Defendant Officer Kennedy B. Riney of the Daly City Police Department. Dkt. No. 29 at 2-3.[1] The Court ordered the matter served on Defendant, directing him to file a dispositive motion or notice regarding such motion. Id. On April 14, 2020, the Daly City Police Department filed a Statement Noting Death of Defendant Officer Riney, who passed away

---

[1] In the same order, the Court dismissed Plaintiff's claims under HIPAA and the ADA for failure to state claim. Dkt. No. 29 at 3-4.

on March 18, 2018.  Dkt. No. 36.  Because the statement was not served on Plaintiff, the Court will order the Clerk to serve a copy of the Statement Noting Death of Defendant on Plaintiff along with a copy of this order.  The Court will also herein address pending motions filed by Plaintiff.

## DISCUSSION

### A. Deceased Defendant

"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Fed. R. Civ. P. 25(a).  Two things are required of a party for the running of the 90 day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and nonparty successors or representatives.  *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  A party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.  Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232-34.  Rule 25 requires dismissal absent a motion for substitution within the 90-day period only if the statement of death was properly served.  *Unicorn Tales, Inc., v. Bannerjee*, 138 F.3d 467, 469-71 (2d Cir. 1998).  Accordingly, Plaintiff may attempt to locate Defendant Riney's successor or representative, and then request the Court order the Marshal to serve them with a statement noting the death of Defendant Riney.  With the notice, Plaintiff must file a motion for substitution of the decedent party under Rule 25(3) of the Federal Rules of Civil Procedure, which will be served on the successor or representative along with the statement of death.

2

Furthermore, because Defendant Riney has not yet been served in this action, the claims against him may be subject to dismissal under Rule 4(m). Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending since July 25, 2018. Dkt. No. 1. If Defendant's successor or representative is not served in due course, absent a showing of "good cause," Plaintiff's claims against this Defendant shall be dismissed without prejudice. *See* Fed. R. Civ. P. 4(m). Plaintiff must provide the U.S. Marshal with sufficient information to effectuate service or face dismissal of his complaint without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

## B.   Motion for Appointment of Counsel

Plaintiff has filed a motion for reconsideration of the last court order denying him appointment of counsel, asserting new grounds. Dkt. No. 33. In the motion, Plaintiff also generally requests a preliminary injunction and court order for prison officials to "cease and desist violence, harassment and retaliation to interefer[e] with plaintiff's civil action." *Id.* at 2. Plaintiff is currently being housed at Corcoran State Prison ("CSP"), which is not a party to this action. Accordingly, the Court has no jurisdiction over CSP or any of its employees in this action to issue an injunctive order against them. Plaintiff must file any new claims against CSP employees in a separate civil rights action.

Plaintiff asserts the following grounds for appointment of counsel: lack of legal material and access to the law library and legal assistance, and the need for assistance to conduct discovery. Dkt. No. 33 at 4-7. The Court also notes that despite the challenges he

3

alleges, Plaintiff managed to file another motion to amend the complaint with this motion. Dkt. No. 32. Furthermore, discovery at this stage in the proceedings is premature since Defendant has not yet been served in this action. Accordingly, the motion for reconsideration is **DENIED** for lack of changed circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

## C.  Motion to Amend Complaint

Plaintiff filed a motion to amend the complaint, indicating that he wants to add the City of Daly City as a defendant to this action. Dkt. No. 32. He asserts that the grounds for liability is that Defendant Riney was an "agent, servant, and employee" of Daly City, which is a "municipal corporation within the State of California, and at all relevant times, it employed defendant Kennedy B. Riney." *Id.* at 1.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). Based on his general allegations, Plaintiff is attempting to hold Daly City liable solely based on the acts of its employee, which is not sufficient to state a claim. To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the

4

moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted). Plaintiff makes no allegations establishing any of these elements. Accordingly, the motion to amend is DENIED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Because the sole defendant in this action, Defendant Officer Riney, has passed away, this matter can only proceed if Plaintiff is able to locate a successor or representative for Defendant. Plaintiff may attempt to locate **Defendant Riney's successor or representative** and provide the Court with an appropriate address where the Marshal can serve them with a suggestion noting the death of Defendant Riney. Along with the location information, Plaintiff must file a motion for substitution of the deceased party under Rule 25. If substitution is not made within ninety days after service of a statement of Defendant Riney's death, the claims against Defendant Riney shall be dismissed.

Separately, this action may be subject to dismissal under Rule 4(m) if service is not effectuated in due course. In the interest of justice, the Court will grant Plaintiff an extension of time to comply with Rule 4(m). **No later than ninety (90) days from the date this order is filed**, Plaintiff must provide the Court with an address to serve Defendant Riney's successor or representative. Failure to do so will result in the dismissal without prejudice of this action and without further notice to Plaintiff.

2. Plaintiff's motion for reconsideration of the court's order denying his last motion for appointment of counsel, Dkt. No. 33, is **DENIED**.

3. Plaintiff's motion to amend the complaint to add Daly City as a defendant in this action is **DENIED**. Dkt. No. 32.

4. The Clerk of the Court shall include a copy of the Statement Noting the

Death of Defendant Riney, Dkt. No. 36, with a copy of this order to Plaintiff, along with a certificate of service.

This order terminates Docket Nos. 32 and 33.

**IT IS SO ORDERED.**

Dated:  __April 16, 2020_____

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge

Order to Locate Succ/Rep; Denying Am.; Denying Recon. M.
PRO-SE\BLF\CR.18\04492Saddozai_subs.Def&deny.recon